IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NIKITA WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CHILD AND FAMILY SERVICES, IKE JESSEE, SARAH GROTBO, MARY JO JEFFRIES, SUSAN DAY, JILL MILLER, MARY GETTEL, and LORRE CLARK,<br><br>Defendants. | CV-14-94-BMM<br><br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE |

## I. SYNOPSIS

Plaintiff Nikita Woods filed an amended complaint in this matter on April 20, 2015. (Doc. 13). Woods' claims arise from the termination of her parental rights to her son in 2013. *Id*. Woods alleges that defendants Montana Department of Child and Family Services, Ike Jessee, Sarah Grotbo, Mary Jo Jeffries, Susan Day, Jill Miller, Mary Gettel, and Lorre Clark (collectively "Defendants") acted together to improperly remove Woods' son from her custody based on an unauthorized DNA test. *Id*. Woods proceeds in forma pauperis. (Doc. 4).

Defendant Ike Jessee is a caseworker at the Montana Department of Child and Family Services. (Doc. 14 at 3). Defendant Sara Grotbo is a caseworker at the Department and she also serves as a social worker at the Benefis Sletten Cancer Institute. *Id*. Defendant Mary Jo Jeffries is a clinical psychologist. *Id*. Defendant Susan Day is a psychologist. *Id*. Defendant Mary Gettel is a CASA-CAN volunteer. *Id*. Defendant Jill Miller is a caseworker with the Department. *Id*. Defendant Lori Clark is a supervisor at the Department. *Id*. Skylynn Bird is Wood's sister-in-law. *Id*. at 4.

**II. JUDGE JOHNSTON'S FINDINGS AND RECOMMENDATIONS**

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 27, 2015. (Doc. 14). Judge Johnston permitted Wood to proceed with her slander, equal protection, and due process claims against defendants Jessee Grotbo, Jill Miller, Mary Gettel, and Lorre Clark. *Id*. at 2. Judge Judge Johnston authorized service of Wood's amended complaint and summons on these defendants. *Id*. at 13.

Judge Johnston recommends that this Court dismiss Woods' claims that are based on the violation of her son's, her mother's, and James Dean Bird's personal rights. *Id*. Judge Johnston also recommends that this Court dismiss Woods' claims against Skylynn Bird, Mary Jo Jeffries, and Susan Day due the fact that Wood failed to allege that these defendants acted under color of state law. *Id*. Judge

2

Johnston further recommends that this Court dismiss Woods' claims against the Montana Department of Child and Family Services as the claims are barred by sovereign immunity pursuant to the Eleventh Amendment. *Id*. at 13-14.

Woods timely filed objections. (Doc. 15). The Court will review *de novo* the portions of Judge Johnston's Findings and Recommendations to which Woods objects. 28 U.S.C. § 636(b)(1). The Court will review for clear error the remainder of Judge Johnston's Findings and Recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

### III. ANALYSIS

**A.  Woods' claims based on the Personal Rights of her Son, Mother and James Dean Bird**

Woods objects to Judge Johnston's recommendation that her claims based on the Defendants' violation of her son's, mother's, and James Dean Bird's personal rights should be dismissed with prejudice. (Doc. 15 at 1).

Woods alleges in her amended complaint that the Defendants deprived her son of his Fourth Amendment protections against unreasonable searches and seizures. Woods lacks standing to assert claims based on her son's Fourth Amendment rights. *Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 369 (9th Cir. 1998) (a person does not have standing to vicariously assert the Fourth Amendment rights of another person). The excessive force exception does not apply to this case. *Moreland*, 159 F.3d at 369.

Woods also alleges that the Defendants violated her mother's and Mr. Bird's personal rights. Woods also lacks standing to assert claims based on her mother's and James Dean Bird's personal rights. *Johns v .Co. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (constitutional claims are "personal" to the injured party and cannot be asserted vicariously).

**B.     Woods' Failure to Allege that Skylynn Bird, Jefferies, and Day Acted under Color of State Law**

Woods objects to Judge Johnston's recommendation that defendants Skylynn Bird, Mary Jo Jefferies, and Susan Day be dismissed with prejudice based on Woods' failure to allege that these defendants acted under the color of state law. (Doc. 15 at 6).

Woods is required to allege facts that show the Defendants acted "under of color of state law" or authority to proceed with claims under 42 U.S.C. § 1983. *Sykes v. State of California Dept. of Motor Vehicles*, 497 F.3d 197, 200 (9th Cir. 1974). Woods has failed to allege facts that establish Skylynn Bird, Mary Jo Jefferies or Susan Day acted under color of state law or authority. *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Skylynn Bird, Mary Jo Jefferies, and Susan Day instead appear to be private actors. Private actors do not generally act under color of state law. *Price*, 939 F.2d at 707-08.

**C.     Woods' claims against the Department of Child and Family Services are barred by Sovereign Immunity pursuant to the Eleventh Amendment**

Woods objects to Judge Johnston's recommendation that the Department of Child and Family Services should be dismissed with prejudice because it is immune from suit. (Doc. 15 at 18).

Woods named the Department of Child and Family Services as a defendant. The Department of Child and Family Services possesses Eleventh Amendment immunity from suit in federal court. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997). The Department of Child and Family Services also fails to qualify as a "person" for the purposes of Woods' 42 U.S.C. § 1983 claims. *Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004).

## IV. CONCLUSION

Woods lacks standing to assert claims on behalf of her son, mother, and Mr. Bird. Woods fails to allege facts that show defendants Skylynn Bird, Mary Jo Jefferies, and Susan Day were acting under color of state law. Woods' claims against the Department of Child and Family Services are barred by the Eleventh Amendment. The Court finds no clear error in the remainder of Judge Johnston's Findings and Recommendations.

**IT IS HEREBY ORDERED** that Magistrate Judge John Johnston's Findings and Recommendations (Doc. 14) are ADOPTED IN FULL.

**IT IS FURTHER ORDERED**:

(1) Plaintiff Nikita Woods' claims based on the violation of her son's, mother's, and Mr. Bird's personal rights are DISMISSED WITH PREJUDICE.

(2) Plaintiff Nikita Woods' claims against defendants Skylynn Bird, Mary Jo Jefferies, and Susan Day are DISMISSED WITH PREJUDICE.

(3) Plaintiff Nikita Woods' claims against defendant Department of Child and Family Services is DISMISSED WITH PREJUDICE.

DATED this 12th day of June, 2015.

_____
Brian Morris
United States District Court Judge